UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CARDELL PARHAM,

      Petitioner,

        v.                      CAUSE NO. 3:25-CV-641-PPS-AZ

WARDEN,

      Respondent.

OPINION AND ORDER

Cardell Parham, a prisoner without a lawyer, seeks habeas relief challenging

from the decision of a disciplinary hearing officer who found him guilty of battery in

violation of Indiana Department of Correction Offense 102. Following a hearing, he was

docked one hundred eighty days earned credit time and demoted in credit class.

The Warden argues that Parham cannot proceed on this habeas petition because

he did not properly exhaust his administrative remedies. Generally, State prisoners

must exhaust available State court remedies to obtain habeas relief in federal court. 28

U.S.C. § 2254(b). However, "Indiana does not provide judicial review of decisions by

prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is

satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981-82

(7th Cir. 2002).

Parham does not argue that he completed the administrative appeal process but

instead asserts that I should excuse his failure to exhaust administrative remedies

because his claim is based on newly discovered evidence. I construe the reference to

new evidence as an assertion of actual innocence. A habeas petitioner can overcome a procedural default by establishing that the court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006). To qualify for this exception, the petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House*, 547 U.S. at 536–37. Actual innocence in the context of federal habeas law "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

The only evidence produced by Parham pertains to his claim that his sanctions were wrongfully imposed. He has produced no new "evidence" suggesting that he did not commit battery as charged in the conduct report. Therefore, I cannot find that actual innocence serves to excuse Parham from not exhausting administrative remedies.

But in this circumstance, I have the discretion to consider the merits. And for the sake of completeness, I will do so here. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Parham asserts that, on August 23, 2023, the hearing officer sanctioned him with the loss of 180 days earned credit time when, at that time, he had only accrued 97 days earned credit time. According to Parham, the Indiana Department of Correction vacated the sanctions in

other prison disciplinary proceedings in response to Parham's habeas petition filed in the United States District Court for the Southern District of Indiana. The vacatur of these sanctions restored 210 days of earned credit time. But this turned out to be a Pyrrhic victory because, following the restoration, IDOC subtracted 180 days of good time because of the sanction that was imposed in this case.

Based on these facts, Parham argues that he is entitled to habeas relief because prison officials cannot sanction him with a loss of earned credit time that he did not actually have at the time of the hearing. "[A] federal court will not normally review a state sentencing determination which, as here, falls within the statutory limit." *Koo v. McBride,* 124 F.3d 869, 875 (7th Cir. 1997). "However, we shall review a petitioner's showing that the sentencing court lacked jurisdiction to impose this term or committed a constitutional error making the sentence fundamentally unfair." *Id.* "A sentence violates the Constitution if it is extreme and grossly disproportionate to the crime." *Id.* Federal courts should generally defer to the State officials' interpretation of State law. *Crawford v. Littlejohn*, 963 F.3d 681, 683 (7th Cir. 2020).

Parham's specific concern is that sanctioning him with a loss of earned credit time that he did not have at the time of the hearing exceeds the prison officials' authority as set forth in the departmental disciplinary policy. The policy defines battery as a Class A offense and provides that the maximum sanction for Class A offenses in terms of lost earned credit time is six months without further specification relevant to Parham's claim. ECF 17-12 at 1-3; ECF 17-13 at 42-43. The Warden represents that prison officials must be able to sanction prisoners with no earned credit time with the loss of

3

earned credit time because loss of earned credit time is a powerful deterrent against prisoner misconduct that they must be able to wield even against prisoners who have no earned credit time. ECF 17 at 18-19. To hold otherwise would mean that a newly imprisoned inmate could severely batter someone on the first day in custody, and there could be no recourse from prison officials. For the reasons articulated by the Warden, that's just not sensible.

Significantly, the disciplinary sanction here was not imposed in a manner that would have extended the maximum length of his court-ordered criminal sentence. I find that, under these circumstances, the language in the policy at least arguably supports the manner in which Parham's loss of earned credit time sanction was imposed. Affording the necessary deference to State officials in interpretating State law, I cannot find that prison officials exceeded their authority under State law by imposing these sanctions.

Parham is adamant that sanctioning him with the loss of earned credit time that he did not have at the time of the hearing violates his constitutional right to procedural due process, but he identifies no specific procedural protection that he did not receive in connection with the disciplinary decision. *See Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018) ("The two elements of a procedural due process claim are (1) deprivation of a protected interest and (2) insufficient procedural protections surrounding that deprivation."). He also asserts that the sanction violates his right to equal protection under the law, but he identifies no similarly situated individual who was treated differently. *See Srail v. Vill. of Lisle, Ill.*, 588 F.3d 940, 945 (7th Cir. 2009) ("In

an equal protection claim, the challenger must prove that he or she was treated disparately from those similarly situated. This necessarily requires a challenger to introduce evidence of similarly situated persons."). Consequently, I cannot grant habeas relief on this claim. Because no other claims remain, I will dismiss the habeas petition.

Because Parham has not exhausted administrative remedies and because he has not asserted a valid claim for habeas relief, the habeas petition is denied. If Parham wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court of Cook Cnty., Ill.*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because I find pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 2);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Cardell Parham leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

ENTERED: July 6, 2026.

 /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT